# IN THE UNITED STATES DISTRCT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| AISSATA SY | ) | CASE NO.: 2:21-cv-5015 |
| | ) | |
| Plaintiff, | ) | Chief Judge Algenon L. Marbley |
| | ) | |
| | ) | Magistrate Judge Kimberly Jolson |
| | ) | |
| v. | ) | **AMENDED COMPLAINT FOR** |
| | ) | **DAMAGES AND INJUNCTIVE** |
| IMMEDIATE HEALTH ASSOCIATES, INC. | ) | **RELIEF** |
| c/o Frank S. Orth | ) | |
| 575 Copeland Mill Rd., Suite 1D | ) | **JURY DEMAND ENDORSED** |
| Westerville, Ohio 43081 | ) | **HEREIN** |
| | ) | |
| Defendant. | ) | |

Plaintiff, Aissata Sy, by and through undersigned counsel, as her Complaint against Defendant Immediate Health Associates, Inc, states and avers the following:

## PARTIES AND VENUE

1. Sy is a resident of the city of Columbus, Franklin County, Ohio.

2. At all times herein, Sy was acting in the course and scope of her employment.

3. Defendant Immediate Health Associates, Inc dba "Westar" is a corporation for profit that does business at 444 N Cleveland Avenue, Suite 120, Westerville, Delaware County, Ohio.

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Sy is alleging a Federal Law Claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 28 U.S.C. § 2000e.

5. All material events alleged in this Complaint occurred in Delaware County, Ohio.

6. This Court has supplemental jurisdiction over Sy's state law claims pursuant to 28 U.S.C. § 1367 as Sy's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Within 300 days of the conduct alleged below, Sy filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-01501 against Westar ("Sy EEOC Charge").

9. Sy dually filed the Sy EEOC Charge with the EEOC and the Ohio Civil Rights Commission.

10. On or about July 27, 2021, the EEOC issued a Notice of Right to Sue letter to Sy regarding the Charges of Discrimination brought by Sy against Westar in the Sy EEOC Charge.

11. Sy received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

12. Sy has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Sy has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

14. On or about March 22, 2021, Sy began working for Westar.

15. Westar employed Sy as a medical assistant.

16. Sy was born in Mauritania.

17. Mauritania is a country in northwestern Africa.

18. Sy is African-American.

19. During Sy's employment with Westar, Sy was pregnant.

20. At the time of Sy's hiring, Westar did not know that Sy was pregnant.

21. Sy's baby was due in September 2021.

22. When Sy started working at Westar, she was assigned to train under Alexis Jason.

23. Jason is Caucasian.

24. Jason was born in the United States.

25. Jason was not involved in the decision to hire Sy.

26. While training Sy, Jason criticized Sy's accent.

27. While training Sy, Jason told Sy she did not want to train Sy.

28. On or about April 5, 2021, Sy reported to Annie Wilke that Jason was discriminating against her because of her race and/or national origin.

29. Wilke was Sy's manager.

30. Wilke is Caucasian.

31. Wilke was born in the United States.

32. On or about April 9, 2021, Sy's coworker, Emily (Last Name Unknown) addressed Sy by saying, "Hey!" instead of calling Sy by her name.

33. Emily LNU was a medical assistant.

34. Emily LNU is Caucasian.

35. Emily LNU was born in the United States.

36. Emily LNU was not involved in the decision to hire Sy.

37. On or about April 9, 2021, Sy told Emily LNU that her name is Aissata Sy.

38. On or about April 9, 2021, Emily LNU told Sy, "Your name makes my blood pressure high." ("Blood Pressure Comment").

39. Emily LNU made the Blood Pressure Comment because of Sy's race.

40. Emily LNU made the Blood Pressure Comment because of Sy's national origin.

41. After Sy began working for Westar, Sy told Wilke that she was pregnant.

42. On or about April 15, 2021, Sy asked Wilke for permission to take April 20, 2021, off to go to an appointment with her obstetrician.

43. On or about April 15, 2021, Westar terminated Sy's employment ("Termination").

44. On or about April 15, 2021, Wilke told Sy about the Termination.

45. Wilke alleged that the reason for the Termination was poor performance and that Sy was doing unrelated work while she was on the clock.

46. Sy did not do unrelated work while she was on the clock.

47. Wilke did not criticize Sy's performance before the Termination.

48. On or about April 13, 2021, Wilke said that Sy's performance was good.

49. On or about April 15, 2021, Sy called Paula Craiglow to ask about the Termination.

50. Craiglow was a human resources representative for Westar.

51. Craiglow did not provide an explanation for the Termination.

52. Craiglow said that there was nothing she could do if Wilke wanted to terminate Sy's employment.

53. Westar has a progressive disciplinary policy ("Discipline Policy").

54. A verbal warning is the lowest level of discipline in the Discipline Policy.

55. Sy did not receive a verbal warning before the Termination.

56. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

57. Sy did not receive a written warning before the Termination.

58. A termination is the highest level of discipline in the Discipline Policy.

59. Westar knowingly skipped progressive disciplinary steps in terminating Sy.

60. Westar knowingly terminated Sy's employment.

61. Westar knowingly took an adverse employment action against Sy.

62. Westar knowingly took an adverse action against Sy.

63. Westar intentionally skipped progressive disciplinary steps in terminating Sy.

64. Westar intentionally terminated Sy's employment.

65. Westar intentionally took an adverse employment action against Sy.

66. Westar intentionally took an adverse action against Sy.

67. Westar knew that skipping progressive disciplinary steps in terminating Sy would cause Sy harm, including economic harm.

68. Westar knew that terminating Sy would cause Sy harm, including economic harm.

69. Westar willfully skipped progressive disciplinary steps in terminating Sy.

70. Westar willfully terminated Sy's employment.

71. Westar willfully took an adverse employment action against Sy.

72. Westar willfully took an adverse action against Sy.

73. On or about April 15, 2021, Westar terminated Sy's employment because of her pregnancy.

74. On or about April 15, 2021, Westar terminated Sy's employment because of her race.

75. On or about April 15, 2021, Westar terminated Sy's employment because of her national origin.

76. On or about April 15, 2021, Westar terminated Sy's employment because she opposed discrimination.

77. As a direct and proximate result of Westar's conduct, Sy suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **COUNT I: UNLAWFUL PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII**

78. Sy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

79. Under Title VII, it is unlawful for an employer to discriminate against an employee on the basis of sex.

80. Title VII provides that the term "on the basis of sex" includes, but is not limited to, "because of or on the basis of pregnancy, childbirth, or related medical conditions."

81. Title VII further mandates that pregnant women shall be treated the same for all employment-related purposes as other persons not so affected but similar in their ability or inability to work.

82. Westar, by and through its agents and employees, created and/or maintained a work environment hostile to pregnant women.

83. Westar's discrimination against Sy based on her pregnancy violates Title VII.

84. Westar's termination of Sy based on her pregnancy violates Title VII.

85. As a direct and proximate result of Westar's conduct, Sy suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: UNLAWFUL PREGNANCY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

86. Sy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

87. Under R.C. § 4112.02 it is unlawful for an employer to discriminate against an employee on the basis of sex.

88. R.C. § 4112.01(B) provides that the term "on the basis of sex" includes, but is not limited to, "on the basis of pregnancy, any illness arising out of and occurring during the course of a pregnancy, childbirth, or related medical conditions."

89. R.C. § 4112.01(B) further mandates that pregnant women shall be treated the same for all employment-related purposes as other persons not so affected but similar in their ability or inability to work.

90. Westar, by and through its agents and employees, created and/or maintained a work environment hostile to pregnant women.

91. Westar's discrimination against Sy based on her pregnancy violates R.C. § 4112.01 *et seq.*

92. Westar's termination of Sy based on her pregnancy violates R.C. § 4112.01 *et seq.*

93. As a direct and proximate result of Westar's conduct, Sy suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

94. Sy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

95. Throughout her employment, Sy was fully competent to perform her essential job duties.

96. Westar treated Sy differently than other similarly-situated employees based on her race.

97. Westar violated Title VII by discriminating against Sy due to her race.

98. On or about April 15, 2021, Westar terminated Sy without just cause.

99. At all times material herein, similarly-situated non-African-American employees were not terminated without just cause.

100. Westar terminated Sy based on her race.

101. Westar violated Title VII when it terminated Sy based on her race.

102. As a direct and proximate result of Westar's conduct, Sy has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

103. Sy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

104. Throughout her employment, Sy was fully competent to perform her essential job duties.

105. Westar treated Sy differently than other similarly-situated employees based on her race.

106. Westar violated R.C. § 4112.02(A) *et seq.* by discriminating against Sy due to her race.

107. On or about April 15, 2021, Westar terminated Sy without just cause.

108. At all times material herein, similarly-situated non-African-American employees were not terminated without just cause.

109. Westar terminated Sy based on her race.

110. Westar violated R.C. § 4112.01 *et seq.* when it terminated Sy based on her race.

111. As a direct and proximate result of Westar's conduct, Sy has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT V: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

112. Sy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

113. Throughout her employment, Sy was fully competent to perform her essential job duties.

114. Westar treated Sy differently than other similarly-situated employees based on her national origin.

115. Westar violated R.C. § 4112.02(A) *et seq.* by discriminating against Sy due to her national origin.

116. On or about April 15, 2021, Westar terminated Sy without just cause.

117. At all times material herein, similarly-situated non-Mauritanian employees were not terminated without just cause.

118. Westar terminated Sy based on her national origin.

119. Westar violated R.C. § 4112.01 *et seq.* when it terminated Sy based on her national origin.

120. As a direct and proximate result of Westar's conduct, Sy has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT VI: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

121. Sy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

122. Throughout her employment, Sy was fully competent to perform her essential job duties.

123. Westar treated Sy differently than other similarly-situated employees based on her national origin.

124. Westar violated R.C. § 4112.02(A) *et seq.* by discriminating against Sy due to her national origin.

125. On or about April 15, 2021, Westar terminated Sy without just cause.

126. At all times material herein, similarly-situated non-Mauritanian employees were not terminated without just cause.

127. Westar terminated Sy based on her national origin.

128. Westar violated R.C. § 4112.01 *et seq.* when it terminated Sy based on her national origin.

129. As a direct and proximate result of Westar's conduct, Sy has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VII:  RETALIATION IN VIOLATION OF TITLE VII

130. Sy restates each and every prior paragraph of this complaint, as if it were fully restated herein.

131. As a result of Westar's discriminatory conduct described above, Sy complained about the discrimination she was experiencing.

132. Subsequent to Sy's reporting of discrimination, Westar terminated Sy's employment.

133. Westar's actions were retaliatory in nature based on Sy's opposition to the unlawful discriminatory conduct.

134. Pursuant to Title VII, it is an unlawful discriminatory practice to retaliate against an employee for opposing unlawful discrimination.

135. As a direct and proximate result of Westar's conduct, Sy suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VIII:  RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

136. Sy restates each and every prior paragraph of this complaint, as if it were fully restated herein.

137. As a result of Westar's discriminatory conduct described above, Sy complained about the discrimination she was experiencing.

138. Subsequent to Sy's reporting of discrimination, Westar terminated Sy's employment.

139. Westar's actions were retaliatory in nature based on Sy's opposition to the unlawful discriminatory conduct.

140. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

141. As a direct and proximate result of Westar's conduct, Sy suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Sy respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Westar to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Westar to restore Sy to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against Defendant of compensatory and monetary damages to compensate Sy for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Sy claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Aissata Sy*

## JURY DEMAND

Plaintiff Sy demands a trial by jury by the maximum number of jurors permitted.

>/s/ Trisha Breedlove
>Trisha Breedlove (0095852)
>Paul Filippelli (0097085)

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021, a copy of the foregoing was sent by electronic mail to all parties.

>/s/ Trisha Breedlove
>Trisha Breedlove (0095852)
>Paul Filippelli (0097085)
>**THE SPITZ LAW FIRM, LLC**